**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH HERNANDEZ, | No. 19-36052 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00201-TMB |
| v. | |
| OFFICE OF PUBLIC ADVOCACY, State of Alaska; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| SHELLEY KAY CHAFFIN, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted October 26, 2020[**]

Before: McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Ralph Hernandez appeals pro se from the district court's judgment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing his 42 U.S.C. § 1983 action alleging constitutional claims against his court-appointed attorneys in his state criminal case. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Hernandez's claims against defendants Office of Public Advocacy, Van Demark, Lowery, Kelley, and Corrigan because they are not state actors. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must . . . show that the alleged deprivation was committed by a person acting under color of state law."); *Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (attorneys appointed to represent criminal defendants in state criminal proceedings are not state actors).

The district court did not abuse its discretion in denying Hernandez's motion for leave to amend to add a claim against defendant Chaffin because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may dismiss without leave where amendment would be futile).

All pending motions are denied.

**AFFIRMED.**